UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN SRYGLEY,

                Plaintiff,

                                  CASE NO. 16-CV-10346
v.                                   HONORABLE GEORGE CARAM STEEH

CRYSTAL EMPLOYMENT
SERVICES and ABB DISCRETE
AUTOMATION AND MOTION DIVISION,

                Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 5)

Plaintiff Steven Srygley brought this discrimination suit under the American's with Disability's Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Michigan Persons with Disability Civil Rights Act, M.C.L. § 37.1101 *et seq.*, for wrongful termination allegedly because of his colo-rectal cancer and his request for access to a bathroom and flexible scheduling to accommodate his disability.  Now before the court is defendant Crystal Employment Services' ("CES" or "defendant") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion also references the summary judgment standard under Rule 56(c).  Because no discovery has taken place and defendant has not relied on any of the materials required to support such a motion under Rule 56(c)(1), this matter is not ripe for a summary judgment motion.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Accordingly, the court will address defendant's motion solely under the Rule 12(b)(6) standard.  As such, the court will not consider plaintiff's affidavit

-1-

or letters regarding his request for accommodation and termination which were attached to his response brief.  No oral argument will be held pursuant to Local Rule 7.1(f)(2).  For the reasons set forth below, defendant's motion shall be denied.

### A. Background

Because the court is deciding a motion to dismiss, the court must accept the allegations of the complaint as true.  Accordingly, the court summarizes the allegations of the complaint here and does not concern itself with defendant's competing version of the facts.

Defendant hired plaintiff in October, 2008, to work as a machine builder for its customers.  In October, 2010, plaintiff began working for defendant's customer ABB Discrete Automation and Motion Division ("ABB").  ABB is also named as a defendant in this action, but has not joined in the motion to dismiss.  Around 2012, plaintiff was treated for colo-rectal cancer.  As a result of his condition, plaintiff needed bathroom access, no more than a 40-hour work week, flexible scheduling to allow for doctor appointments, and the ability to use the bathroom as needed due to incontinence.  Plaintiff alleges that both defendants knew of his need for these accommodations.  On June 12, 2015, ABB terminated plaintiff allegedly because of his need for accommodations for his disability.  On September 8, 2015, plaintiff asked CES for the accommodations set forth above.  The next day, allegedly in retaliation for his request, CES terminated plaintiff.  Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against both defendants.  On November 18, 2015, the EEOC issued plaintiff a right to sue letter against ABB.  Prior to

receiving his right to sue letter as to CES, plaintiff filed this lawsuit on February 2, 2016.

In its motion to dismiss filed on March 17, 2016, CES argues that this lawsuit should be

dismissed because plaintiff failed to exhaust his administrative remedies as he brought

this action against CES prior to receiving his right to sue letter as to that defendant.

Shortly after the motion to dismiss was filed, however, plaintiff received his right to sue

letter as to CES and he filed a supplemental brief on April 18, 2016, attaching a copy of

that letter.

### B. Standard of Law

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff

has stated a claim upon which relief may be granted.  Under the Supreme Court's

articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff,

accept the allegations of the complaint as true, and determine whether plaintiff's factual

allegations present plausible claims.  "'[N]aked assertions' devoid of 'further factual

enhancement' are insufficient to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570).

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide

"'more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)

(quoting *Twombly*, 550 U.S. at 555).  Even though the complaint need not contain

"detailed" factual allegations, its "factual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all of the allegations in the

complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

## C. Analysis

Defendant seeks to dismiss this action for three reasons: (1) plaintiff failed to exhaust his administrative remedies; (2) plaintiff has not pled a cognizable disability; and (3) plaintiff has not pled an adverse employment action because of his disability. All of these arguments lack merit for the reasons set forth below.

### 1. Exhaustion of Administrative Remedies

Defendant argues that this lawsuit should be dismissed because plaintiff filed suit prior to obtaining a right to sue letter from the EEOC.  An employee must possess a right to sue letter from the EEOC prior to filing suit in order to exhaust his administrative remedies under the ADA.  *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e-5(f)(1) apply to ADA claims).  However, the requirement that plaintiff first obtain a right to sue letter is not a jurisdictional requirement, but merely a condition precedent which may be waived by the parties or the court.  *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).  Where a plaintiff receives a right to sue letter after the lawsuit has been filed, plaintiff's burden is satisfied unless defendant can show prejudice.  *Id.* at 310.

In *Parry*, the Sixth Circuit considered whether dismissal for failure to exhaust administrative remedies was proper where plaintiff filed his discrimination suit under the ADA three months prior to receiving his right to sue letter.  *Id.* at 309-10.  Although plaintiff received his right to sue letter prior to the filing of defendant's motion for summary judgment, plaintiff failed to appraise the court that he had received it until he

-4-

filed a motion for reconsideration challenging the court's dismissal of his suit on that basis. *Id.* at 310.  Despite plaintiff's delay, the Sixth Circuit ruled that it was improper for the district court to dismiss the suit for plaintiff's failure to obtain his right to sue letter prior to filing his suit, as plaintiff cured the deficiency, no jurisdictional defect existed, and defendant could show no prejudice.  *Id.*  The Sixth Circuit explained that it "would be unduly harsh, under these circumstances, to deny Plaintiff his day in court as to his ADA claim."  *Id.*  The Sixth Circuit reached the same conclusion under similar circumstances in *Chandler v. Vulcan Materials Co.*, 81 F. App'x 538, 541 (6th Cir. 2003).

As in *Parry* and *Chandler*, there is no basis for dismissing this lawsuit for plaintiff's filing of the suit prior to receiving his right to sue letter.  Plaintiff received the letter shortly after filing the lawsuit, and timely notified the court of the letter prior to completion of the briefing on defendant's motion to dismiss.  The facts in this case presented a stronger argument in favor of waiving the condition precedent that a plaintiff receive his right to sue letter before filing suit than that presented in *Parry* and *Chandler*. In those cases,  plaintiffs did not even notify the court of receipt of their right to sue letters until after the court ruled on defendants' motions for summary judgment, despite being in possession of those letters for quite some length of time.  Here, plaintiff has not procrastinated in advising the court of receipt of his right to sue letter, but has done so promptly before any discovery has taken place, and even prior to the completion of the briefing on defendant's motion to dismiss.

Plaintiff also had a good reason for filing suit when he did, as he had already obtained his right to sue letter with respect to defendant ABB and the 90-day time limit

for filing suit against ABB was running out. Rather than waiting to file suit against CES and risk filing a separate lawsuit, plaintiff made the strategic decision to name both defendants in a single lawsuit with the expectation that he could cure the deficiency with respect to CES upon receipt of the right to sue letter. Although plaintiff could have sought to amend the complaint to name CES as a defendant at a later date, there is still some merit to plaintiff's litigation strategy. Quite simply, there is no jurisdictional defect, plaintiff has cured the deficiency, and defendant has shown no prejudice. Accordingly, the court will not dismiss based on plaintiff's alleged failure to exhaust his administrative remedies.

Defendant also argues that plaintiff failed to exhaust his administrative remedies because he did not wait 180 days following the filing of his EEOC complaint prior to filing suit. Defendant argues that since plaintiff filed his EEOC charge on October 22, 2015, the EEOC had exclusive jurisdiction until the 180-day period terminated on April 19, 2016. It appears that defendant is arguing that plaintiff could not seek a right to sue letter prior to April 19, 2016. This argument is without merit. 29 C.F.R. § 1601.28(a)(2) authorizes issuance of an early notice of right to sue if the EEOC determines that it will not complete its administrative process within 180 days from the date the charge was filed. A request for a right to sue letter does not divest the EEOC of jurisdiction as private parties like plaintiff do not have the authority to take away the EEOC's enforcement authority or to force it to issue early right to sue notices. *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1271-73 (10th Cir. 2001); *see EEOC v. Frank's Nursery &Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("an individual may not, in an

-6-

effort to effectuate her own interests, take away the enforcement authority of the EEOC even if she wishes to withdraw her charge of discrimination").

The EEOC retains the authority to either accede to plaintiff's request or to deny it and proceed with the processing of his claim.  District courts within the Sixth Circuit have recognized the validity of  § 1601.28(a)(2), and have even found that seeking a right to sue letter at the same time as filing an EEOC charge is permissible.  *See Chavez v. Waterford*, 720 F. Supp. 2d 845, 852-53 (E.D. Mich. 2010); *Mason v. Univ. Primary Care Prac., Inc.* No. 1:14CV1407, 2015 WL 4637054, at *6 (N.D. Ohio Aug. 3, 2015).   In this case, the EEOC, did in fact, issue plaintiff his right to sue letter on April 8, 2016, stating that although less than 180 days had passed since the filing of the charge, it was unable to complete the investigation within that time period and was terminating plaintiff's charge.  (Doc. 8, Ex. A).  Thus, as of April 8, 2016,  plaintiff's lawsuit was properly before this court.  Defendant's motion to dismiss based on plaintiff's failure to exhaust administrative remedies is DENIED.

### 2.     Whether Plaintiff Has Properly Pled Disability

In order to prove a prima facie case of disability discrimination, plaintiff must prove (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the position, with or without accommodation; and (3) he suffered an adverse employment action because of his disability.  *Demyanovich v. Cadon Plating & Coating*, 747 F.3d 419, 433 (6th Cir. 2014).  Defendant claims plaintiff has not properly pled that he is disabled because he has not specifically described how his colo-rectal cancer substantially limits a major life activity.  In support of this argument, defendant relies on

-7-

*Johnson v. Fresh Mark, Inc.*, 337 F. Supp. 2d 996, 1001 (N.D. Ohio 2003), *aff'd*, 98 F. App'x 461 (6th Cir. 2004).  In that case, plaintiff asserted he was disabled because of his transgender status.  The ADA specifically excludes coverage for transgender individuals; thus, the Sixth Circuit affirmed dismissal of plaintiff's disability discrimination claims.  98 F. App'x at 462.  In addition, the district court observed in dicta that plaintiff had not shown that he was substantially limited in a major life activity.  337 F. Supp. 2d at 1001.  His only complaint was that he could not use the restroom of his choice.  *Id.* at 998.

By contrast, in this case, in his complaint, plaintiff alleges that as a result of his colo-rectal cancer, he requires bathroom access and the ability to use the bathroom as needed due to incontinence.  The Sixth Circuit has recognized that the ability to control one's bowels due to irritable bowel syndrome may amount to a substantial limit of a major life activity constituting a qualifying disability under the ADA.  *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 467 (6th Cir. 1999).  Accordingly, the complaint alleges a plausible claim that defendant is disabled.  Although there is a certain brevity to the allegations set forth in the complaint, they are nonetheless sufficient to put defendant on notice of plaintiff's alleged disability.

### 3. Whether Plaintiff Has Pled an Adverse Employment Action

Finally, defendant argues that plaintiff has not pled an adverse employment action because the complaint lacks sufficient factual detail in this regard.  First, there can be no doubt that termination constitutes an adverse employment action.  An "adverse employment action" is "defined as a materially adverse change in the terms

-8-

and conditions of plaintiff's employment." *Smith v. City of Salem*, 378 F.3d 566, 576 (6th Cir. 2004) (internal quotations and citation omitted). It should come as no surprise that the Sixth Circuit has recognized that termination is a materially adverse employment action. *Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 470 (6th Cir. 2012) (citing *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 461–62 (6th Cir. 2000)). Wrongful discharge is perhaps the most often cited consequence alleged in an employment discrimination suit. In this case, the complaint avers, "On September 9, 2015, in direct retaliation for his request to notify new work assignments of his need for reasonable accommodations, Defendant Crystal Employment Services terminated Plaintiff's employment." (Doc. 1 at ¶ 14). The complaint also details the accommodations defendant requires as a result of his colo-rectal cancer and avers that defendants were aware of his needs. *Id.* at ¶¶ 10-11. Defendant suggests more factual development is needed to survive its motion to dismiss. Defendant has overstated plaintiff's burden.

Federal Rule of Civil Procedure 8(a)(2) sets forth notice pleading, and provides that a plaintiff need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a formulaic recital of the elements of a cause of action will not do, the complaint need not contain detailed factual allegations but must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Plaintiff's complaint easily satisfies the strictures of Rule 8 and the Supreme Court's articulation of pleading requirements as set forth in *Twombly* and *Iqbal.*

-9-

**D. Conclusion**

For the reasons set forth above, defendant's motion to dismiss (Doc. 5) is

DENIED.  Defendant's motion for summary judgment is DENIED WITHOUT

PREJUDICE as premature.

**IT IS SO ORDERED**.

Dated:  May 5, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 5, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---